38 F.3d 1216
 23 Media L. Rep. 1094
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony HARRISON, Plaintiff-Appellee,
v.
Gary HUMPHREYS, Defendant-Appellant.
 No. 93-5695.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1994.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff appellee, Tony L. Harrison, was terminated from his position as sports editor at The Roane County News, located in Kingston, Tennessee, on May 18, 1990, ostensibly for alleged dishonesty and insubordination. Harrison filed this suit on May 15, 1991. In this action, brought pursuant to 42 U.S.C. Sec. 1983, Harrison alleges that his private employer, Landmark Community Publications of Tennessee, Inc. ("Landmark"), through its president and one of its newspaper's editors conspired with the Chief of Police of Kingston to terminate him as a result of his news gathering activities, thereby violating his First Amendment rights. Upon completion of discovery, all defendants filed motions for summary judgment. The motion for summary judgment of defendant Police Chief Gary Humphreys asserted, among other things, the defense of qualified immunity. In an Order and Memorandum entered March 25, 1993, the district court denied all defendants' motions, including the denial of qualified immunity to defendant Humphreys. The only issue before the court in this appeal is the district court's denial of qualified immunity to Humphreys. For the reasons that follow, we reverse.
 
 I.
 
 2
 The facts presented in this appeal are lengthy and much in dispute. However, because only the issue of Humphrey's qualified immunity is before us, it is not necessary for us to detail the conflicting testimony and evidence. Rather, the factual background, for purposes of this appeal, can be summarized by accepting as true Harrison's contention that Humphreys, the Chief of Police in Kingston, believed that Harrison was involved in stirring up strife within the Kingston Police Department and cooperating with a local television station in publicizing that dissention; that Humphreys had a meeting with Larry Coffey, the president of Landmark, the company that owned The Roane County News, and demanded that Harrison be fired from his position as sports editor for the News because of his activities with regard to the police department; and that Harrison was indeed terminated from his job. Notably, Harrison does not claim that Humphreys had any control over the operation of the News; nor does he claim that Humphreys either attempted to, or actually did squelch the stories about the internal problems in the police department, and, in fact, Harrison alleges that another News reporter was specifically assigned to, and did, cover the story.
 
 II.
 
 3
 In order to allow government officials to perform their discretionary duties without constant fear that each time they act they will be forced to defend themselves in a civil suit, the law protects government officials from suit unless their actions violate the "clearly established law" of which a reasonable officer would be aware at the time of their actions. Anderson v. Creighton, 483 U.S. 635, 639 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 814 (1982); Jackson v. Hoylman, 933 F.2d 401, 402 (6th Cir.1991); Brandenburg v. Cureton, 882 F.2d 211, 215 (6th Cir.1989). To find that a clearly established right exists, the district court must find binding precedent by the Supreme Court, this court, the highest court in the state in which the action arose, or itself, so holding. Wegener v. City of Covington, 933 F.2d 390, 392 (6th Cir.1991).
 
 
 4
 This circuit has noted that "the question is whether 'any officer in the defendant's position, measured objectively, would have clearly understood that he was under an affirmative duty to have refrained from such conduct.' " Brandenburg v. Cureton, 882 F.2d 211, 215 (6th Cir.1989) (quoting Dominque v. Telb, 831 F.2d 673, 676 (6th Cir.1987)). This is a legal question to be decided by the court, Donta v. Hooper, 774 F.2d 716 (6th Cir.1985), cert. denied, 483 U.S. 1019 (1987).
 
 
 5
 In this case, we conclude that in essence, the right which Harrison seeks to vindicate is not the right to engage in First Amendment news-gathering activities,[1] but the right to be free from a public official's attempting to get him fired. We hold that no such constitutional right exists. There is not a single case which establishes such a right, and if this court were to find one, there would be no end to the ramifications of such a holding.
 
 
 6
 Because there is no clearly established right that Humphreys should have known he was violating, we must REVERSE the district court's denial of qualified immunity to Humphreys.
 
 
 
 [1]
 There are a number of cases which support the district court's general assertion that news-gathering activities are protected by the First Amendment. See Branzburg v. Hayes, 408 U.S. 665 (1972); In re Express-News Corp., 695 F.2d 807, 808 (5th Cir.1982) ("news-gathering is entitled to first amendment protection, 'for without some protection for seeking out the news, freedom of the press could be eviscerated.' "); United States v. Sherman, 581 F.2d 1358, 1361 (9th Cir.1978); CBS Inc. v. Young, 522 F.2d 234, 237-38 (6th Cir.1975)