Tony **HARRISON**, Plaintiff,

v.

**LANDMARK COMMUNITY PUBLICATIONS OF TENNESSEE, INC., et al., Defendants.**

No. 3:91–cv–0304.

United States District Court,
E.D. Tennessee,
Northern Division.

March 31, 1995.

Peter J. Allimam, III and Lee, Alliman & Carson, Madisonville, TN, for plaintiff.

Jack H. McPherson, Jr., Kingston, TN, Kimberly K. Greene, Donna S. Kaiser, Debra H. Dawahare, Wyatt, Tarrant & Combs,

---

Louisville, KY, and John C. Duffy, Watson, Hollow & Reeves, Knoxville, TN, for defendants.

## MEMORANDUM OPINION

JORDAN, District Judge.

This civil rights action arose out of the defendant Landmark Community Publications' termination of the plaintiff's employment. The plaintiff Mr. Harrison alleged that his employment was terminated because of pressure applied by the defendant Gary Humphreys, the Chief of the City of Kingston (Tennessee) Police Department. The plaintiff pleaded causes of action under 42 U.S.C. § 1983 for deprivation of rights protected by the First and Fourteenth Amendments to the United States Constitution, and asked the court to exercise supplemental jurisdiction over causes of action under Tennessee Code Annotated § 47–50–109 for procurement of a breach of his employment contract.

A series of stipulated dismissals left pending only the plaintiff's claim against the defendant Mr. Humphreys individually. This court's denial of this defendant's motion for summary judgment on the ground of qualified immunity led to an interlocutory appeal, and, in an opinion filed on October 24, 1994, and reported at 1994 WL 589545, 1994 U.S.App. LEXIS 30783, the Court of Appeals for the Sixth Circuit reversed, holding that there is no clearly established right against a government official seeking to have the private employment of a citizen terminated.

Upon receipt of the court of appeals' mandate, this court set this civil action for a status conference. At the status conference, the defendant moved orally for dismissal of this civil action, arguing that the remaining claim under Tennessee law should be presented to a Tennessee court. Counsel for the plaintiff was prepared for this motion,

and presented authorities in opposition to it. After the status conference, the remaining defendant filed a written motion [doc. 63; supporting brief, doc. 64], arguing both that this court should relinquish jurisdiction of the remaining claim in favor of a state court, and that the defendant Mr. Humphreys is entitled to summary judgment on the merits of the plaintiff's claim against him under Tennessee law.

Although the time has not run for a response to the defendant's written motion, see L.R. 7.1(a), E.D.Tenn., the court will proceed to consider the issue of supplemental jurisdiction. The plaintiff's counsel has argued the issue fully and well, and the court finds no reason to delay ruling on the issue. The court finds that additional oral argument on the written motion would not assist the court in deciding this issue.

Title 28, U.S.C., § 1367(c)(3) grants a district court the discretion to decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction. This is the case here, after the court of appeals' ruling. Section 1367(d) provides for tolling of any limitations period with respect to a state-law claim while it is pending before a federal district court and for 30 days after dismissal.

Cases decided by the court of appeals for this circuit both before and after the enactment of 28 U.S.C. § 1367[1] recommend against exercising supplemental jurisdiction of state-law claims when all federal-law claims in a civil action have been dismissed before trial, considering interests of judicial economy, the avoidance of multiplicity of litigation, and the risk of needlessly deciding state-law issues. See *Landefeld v. Marion General Hospital, Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993); *Province v. Cleveland Press Publishing Co.*, 787 F.2d 1047, 1055 (6th Cir.1986).[2] In the case at bar, little judicial

---

**1.** Before the enactment of § 1367, the applicable body of law was the judge-made law of pendent jurisdiction developed under the authority of *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

**2.** While in *Province, supra,* the court of appeals upheld a district court's exercise of pendent jurisdiction over state-law claims after summary

adjudication dismissing the federal-law claims in the civil action, it did so only on the basis of a finding that "overwhelming interests in judicial economy" favored the exercise of pendent jurisdiction. The court of appeals noted its position "that the district courts have *minimal* discretion to decide pendent state law claims on the merits once the basis of federal jurisdiction is dismissed

economy would be lost by requiring the plaintiff to litigate his remaining claim in a Tennessee forum. The parties can agree to use the discovery which they have already taken in this civil action for any purpose for which it might have been used here. Balanced against this is the fact that the issue presented is purely one of Tennessee law, and depends on construction of a Tennessee statute.

The plaintiff argued at the status conference before the court that he faces the risk of an unfair trial in the proper venue in the Tennessee judicial system, because he will be trying a claim against a police chief in that police chief's locality, in a case in which political antagonisms are at the heart of his cause of action. This court will not lightly presume that a Tennessee court and jury will not perform their duties under the law. Furthermore, in the absence of any statutory ground for the exercise of jurisdiction by a federal district court, the danger of an unfair trial in a state forum has never provided an independent basis for federal subject-matter jurisdiction. Tennessee law provides avenues of post-trial and appellate review to guard against verdicts rendered on unjust bases.

The authorities which counsel for the plaintiff cited at the status conference held before this court may all be distinguished. In *Cameron v. Seitz,* 38 F.3d 264, 276 (6th Cir.1994), the court of appeals, in an appeal after a jury trial, after holding that the district court erred in not dismissing § 1983 claims on immunity grounds, stated simply that upon remand, the district court should exercise its discretion to determine whether to exercise supplemental jurisdiction over any remaining state-law claims. The opinion of Judge Jones in *Sweeton v. Brown,* 27 F.3d 1162, 1172–73 (6th Cir.1994), is a dissenting opinion, and so does not state the law in this circuit.

In *Palmer v. Hospital Authority of Randolph County,* 22 F.3d 1559 (11th Cir.1994), the plaintiff, in varying capacities, had a federal-law claim remaining against one defendant, as well as state-law claims against that defendant, and his state-law claims against

before trial." *Province, supra,* 787 F.2d at 1055

the other defendant, the dismissal of which was the subject of the appeal, arose out of the same facts. The district court's decision did not express clearly whether the dismissal of the latter, state-law claims was based on a perceived lack of jurisdictional authority or on the exercise of discretion under 28 U.S.C. § 1367, and the court of appeals therefore remanded the case to the district court to consider whether to exercise its discretion under the statute.

The court finds that the better course in this case is to send the plaintiff to the appropriate Tennessee forum to try his remaining claim. The court will therefore grant the defendant Mr. Humphreys' motion, and dismiss without prejudice the plaintiff's remaining claim in this civil action, under 28 U.S.C. § 1367(c)(3). In light of this dismissal without prejudice on this jurisdictional ground, the court will not grant the defendant's motion for summary judgment on the merits, leaving the issue presented to the appropriate Tennessee forum.

### ORDER

In obedience to the mandate of the Court of Appeals for the Sixth Circuit in *Harrison v. Humphreys,* case no. 93–5695, opinion reported at, 1994 WL 589545, 1994 U.S.App. LEXIS 30783, it is **ORDERED** that the plaintiff's claim against the defendant Gary Humphreys under 42 U.S.C. § 1983 is **DISMISSED** on the ground of qualified immunity.

For the reasons stated in the court's memorandum opinion filed simultaneously with this order, the court finds the defendant Gary Humphreys' motion for summary judgment or, in the alternative, to dismiss without prejudice [doc. 63] well taken in part, and it is **GRANTED IN PART.** It is **ORDERED** that the plaintiff's remaining claim against this defendant, which arises under Tennessee law, is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1367(c)(3).

To the extent that this defendant's motion is a motion for summary judgment on the merits, it is **DENIED,** without prejudice to

(citation omitted) (emphasis added).

the defendant's right to renew it in a more appropriate forum.

The court having disposed of all claims in this civil action, it is **ORDERED** that this civil action is **DISMISSED**.