Dwayne GRAY, Plaintiff–Appellant,

v.

CUYAHOGA COUNTY SHERIFF'S
DEPARTMENT, et al.,
Defendants,

James FUERST, et al., Defendants–
Appellees.

No. 97–1379.

United States Court of Appeals,
Sixth Circuit.

Oct. 23, 1998.

Before: NELSON, BOGGS, and CLAY,
Circuit Judges.

ORDER

The court having received a petition for rehearing en banc, and the petition having been circulated not only to the original panel members but also to all other active judges of this court, and no judge of this court having requested a vote on the suggestion for rehearing en banc, the petition for rehearing has been referred to the original panel.

The panel has further reviewed the petition for rehearing and concludes that the issues raised in the petition were fully considered upon the original submission and decision of the case. Accordingly, the petition is denied.

However, the panel has amended one portion of the opinion. In the paragraph beginning on page 8 and carrying over to page 9 of the opinion, the material following the long dash in line 16 should be deleted and the following text inserted:

"... the trier of fact could find that the failure by Fuerst and Ussery to ascertain that they were holding the wrong person violated Gray's due-process rights under the Fourteenth Amendment. While the cases discussed in the two previous paragraphs at times speak in terms of a variety of constitutional provisions, it appears to us more precise to follow the language of the Supreme Court in *Baker* and inquire whether a detention of this length will deprive the accused of "liberty without due process of law." *Baker[ v. McCollan]*, 443 U.S.[ 137], 145[, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)]. On remand, therefore, the principal question for the trier of fact will be whether Fuerst and/or Ussery acted with something akin to deliberate indifference in failing to ascertain that the Dwayne Gray they had in custody was not the person wanted by the Michigan authorities on the outstanding parole-violation warrant. See, *e.g., Romero v. Fay*, 45 F.3d 1472, 1480–81 (10th Cir.1995); *Cannon v. Macon County*, 1 F.3d 1558, 1564 (11th Cir.1993); *Sanders v. English*, 950 F.2d 1152, 1162 (5th Cir.1992). This question will require resolution whether the defendants proceed on the merits, or whether they reassert the defense of qualified immunity. See *Jackson v. Hoylman*, 933 F.2d 401, 403 (6th Cir.1991)(recognizing that same substantive standard applies for both qualified-immunity and merits purposes)."