Stuard WEGENER, Plaintiff–Appellee,

v.

CITY OF COVINGTON and Joseph Condit, City Solicitor, Defendants,

Lt. Joan Penick (90–5765) and Capt. Gilbert McClure (90–5716), Defendants–Appellants.

Nos. 90–5716, 90–5765.

United States Court of Appeals, Sixth Circuit.

Argued March 25, 1991.

Decided May 16, 1991.

Steven L. Schiller (argued), Newport, Ky., for Stuard Wegener.

Stephen T. McMurtry (argued), Covington, Ky., for Captain Gilbert McClure.

Charles P. Wagner (argued), Covington, Ky., for Lt. Joan Penick.

Before KENNEDY and RYAN, Circuit Judges, and FEIKENS, Senior District Judge.[*]

PER CURIAM:

Appellee, the owner and operator of a night-club in the City of Covington, filed suit against appellants McClure and Penick[1], the Covington fire captain and police lieutenant respectively, alleging that when appellants forced him to choose between closing his club or being arrested for violations of the fire code they were acting as part of a conspiracy to deprive, and did actually deprive, him of his right to operate a lawful business without due process of law in violation of 42 U.S.C. § 1983. The issue before us in this interlocutory appeal is whether the district court properly denied appellants' motion for summary judgment on the basis of qualified immunity. Because we conclude that the district court failed to properly address the issue of qualified immunity, we REVERSE and REMAND for further findings.

## I. *Background*

On March 18, 1988, appellant McClure inspected appellee's club and as on several previous occasions, found multiple violations of the fire code. McClure informed appellee that the club could remain open for business if he would uncover and unlock a second door in the back of the club. McClure returned to the club at approximately 1:30 a.m to check the door. He found it covered and locked. He then called the Covington police to the scene to cite appellee for violation of the fire code. Lt. Penick arrived at the scene, ascertained the nature of the problem and, upon

---

[*] The Honorable John Feikens, Senior District Judge for the Eastern District of Michigan, sitting by designation.

1. Mr. Wegener also sued the City of Covington and Mr. Joseph Condit, the city solicitor. Neither of these defendants is appealing the district court's ruling.

McClure's request, issued a citation. Penick and/or McClure then told appellee that he would have to close the club for the remainder of the evening. When appellee refused, Penick informed him that she had the authority to arrest him for committing a misdemeanor in her presence instead of merely citing him for the violation. Appellee then agreed to close. Appellee reopened the club the next evening.

## II. *Analysis*

A public official is entitled to qualified immunity for conduct in performing discretionary functions so long as that conduct does not violate clearly established statutory or constitutional rights of which a reasonable officer would have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Whether appellants are entitled to qualified immunity in this case is a question of law for the district court. Such a determination is to be made at the earliest possible point in the case, so as to protect public officials such as appellants from the threat of liability or harassing litigation that may inhibit the discharge of their official duties. *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Poe v. Haydon,* 853 F.2d 418 (6th Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989).

For a right to be clearly established, the contours of the right must be sufficiently clear that a reasonable official would understand that his or her conduct violates that right. That is, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Anderson,* 483 U.S. at 639–40, 107 S.Ct. at 3038–39. To find that a clearly established right exists, the district court must find binding precedent by the Supreme Court, this court, the highest court in the state in which the action arose, or itself, so holding. *Poe,* 853 F.2d at 424; *Ohio Civil Service Employees Ass'n v. Seiter,* 858 F.2d 1171 (6th Cir.1988). When ruling on qualified immunity, the district court should indicate the clearly established right at issue and the factual basis for its conclusion that a genuine issue exists as to the commission of acts violating that right. *Poe,* at 423–24, 426.

The ultimate burden of proof is on appellee to show that appellants are not entitled to qualified immunity. Appellants bear the initial burden of presenting facts that if true, would establish that they were acting within the scope of their discretionary authority when they confronted appellee with fire code violations. Once they have done this, the burden shifts to appellee to establish that appellants' conduct violated a right so clearly established that any official in appellants' positions would have clearly understood that they were under an affirmative duty to refrain from such conduct. *Poe,* at 425; *Dominque v. Telb,* 831 F.2d 673, 676–77 (6th Cir.1987); *Ohio Civil Service Employees Ass'n,* 858 F.2d at 1174. Accordingly, the district court should consider whether it was clearly established that a police officer could not offer appellant the option of closing the establishment or be arrested.

As to his conspiracy claim, appellee can overcome appellants' assertion of qualified immunity by presenting direct evidence that appellants possessed the subjective intent to conspire to close his lawfully operated business without due process, since such intent is an element of the underlying conspiracy claim. *Poe,* at 430–32.

## III. *Conclusion*

In their motions for summary judgment, appellants assert that they were acting within their official discretion and that their course of conduct did not violate any of appellee's clearly established rights. The district court denied their motions, along with appellee's motion for summary judgment, concluding that genuine issues of material fact remained as to whether appellants conspired with the City of Covington to close appellee's business. However, the district court failed to make any explicit findings on the issue of qualified immunity. The court apparently did not determine whether appellants' conduct violated any of appellee's clearly established rights. Nor did the court discuss any di-

rect evidence presented by appellee of improper intent or motive on the part of appellants. Thus, the denial of summary judgment is REVERSED, and this case is REMANDED so that the district court can now make the findings necessary to a proper resolution of the issue of qualified immunity.

IT IS SO ORDERED.