99 F.3d 1138
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Grace M. CARPENTER, individually and as Administratrix of
the Estate of Max Christian Carpenter, Plaintiff-Appellee,
v.
Jack LAXTON, et al., Defendants,
and
Tim Hutchison, Ben Harkins, and Tom Spangler, in their
individual capacities, Defendants-Appellants.
 No. 95-6486.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants, Tim Hutchinson, Ben Harkins, and Tom Spangler (the "Knox County officers"), appeal the district court's order denying their motion for summary judgment based on qualified immunity. The Knox County officers contend that: (1) the district court misstated the burden of proof for a summary judgment motion based on qualified immunity; and (2) no clearly established authority existed at the time of the events in question from which a reasonable officer would have concluded that the officer's actions would violate a constitutional right. For the following reasons, we AFFIRM ON OTHER GROUNDS the decision of the district court.
 
 I.
 
 2
 Plaintiff, Grace M. Carpenter ("Grace"), brought this action on behalf of her son, Max Carpenter ("Max"). She claimed that her son's constitutional rights were violated in a standoff that ended when he was shot and killed by law enforcement officers.
 
 
 3
 At approximately 12:30 p.m. on January 22, 1994, Scott County, Tennessee law enforcement officials responded to a complaint that Max had chased teenagers from his property by firing shots at them. As they prepared to leave Max's property, additional officers arrived. The situation escalated, and, ultimately, law enforcement officers surrounded Max's trailer and shots were exchanged.
 
 
 4
 At about 10:00 p.m. that evening, the Knox County officers were asked to assist the Scott County law enforcement officers. The Knox County officers arrived at Max's property in Scott County at about 11:30 p.m. At approximately 1:30 a.m., the Knox County officers fired nonlethal tear gas canisters into Max's trailer then returned to their vehicle. The gas was intended to cause Max to leave his trailer and surrender, but he did not leave his trailer until around 6:30 a.m. A chase ensued. The Knox County officers heard the commotion and later learned that Max had exited the trailer and that other law enforcement officials had shot and killed him.
 
 II.
 A.
 
 5
 The defense of qualified immunity is an affirmative defense. Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987). The defendants bear the initial burden of coming forward with facts suggesting that they were acting within the scope of discretionary authority during the incident in question. Mackey v. Dyke, 29 F.3d 1086, 1095 (6th Cir.1994); Wegener v. City of Covington, 933 F.2d 390, 392 (6th Cir.1991). If met, the burden shifts to the plaintiff, who bears the ultimate burden of proof that the defendant is not entitled to qualified immunity. Mackey 29 F.3d at 1095; Wegener, 933 F.2d at 392. The plaintiff satisfies her burden by 1) identifying a clearly established right alleged to have been violated, and 2) establishing that a reasonable officer in the defendant's position should have known that the conduct at issue was undertaken in violation of that right. Pray v. City of Sandusky, 49 F.3d 1154, 1158 (6th Cir.1995).
 
 
 6
 In resolving the immunity issue, the district court stated:
 
 
 7
 [D]efendants have the initial burden of presenting facts that if true, would establish that they were not violating clearly established statutory or constitutional rights of which a reasonable officer would have known. Only after this showing has been made by the defendants does the burden shift to the plaintiff to show that the defendants' "conduct violated a right so clearly established that any official in [defendants'] positions would have clearly understood that they were under an affirmative duty to refrain from such conduct."
 
 
 8
 The court then determined that the Knox County officers did not make "the requisite showing of facts that would establish that they did not violate the decedent's constitutional rights, so the burden of proof" did not shift to Grace.
 
 
 9
 The district court misstated the burden of proof to be applied in a summary judgment motion based on qualified immunity and allocated to the Knox County officers a heavier proof burden than the law requires. Subsequent to its misstatement of the law, the court found that the Knox County officers had not met the higher burden of proof incorrectly allocated to them and prematurely ended its qualified immunity analysis.
 
 B.
 
 10
 This court may review a district court's "denial of a claim of qualified immunity, to the extent that it turns on an issue of law." Johnson v. Jones, 115 S.Ct. 2151, 2156 (1995). The determination of what law was "clearly established" is a purely legal issue. Id. Whether the facts alleged by Grace support a claim of violation of clearly established law is also a legal issue. Id.
 
 
 11
 The district court determined that warrantless intrusions, absent exigent circumstances, inside a home are presumptively unreasonable. Because Knox County officers failed to allege exigent circumstances, the court found that their argument of reasonable minimal involvement failed to justify their actions.
 
 
 12
 The right Grace alleges to have been violated was clearly established: the right of persons to be protected from a warrantless search of their homes unless exigent circumstances require immediate police action. O'Brien v. City of Grand Rapids, 23 F.3d 990, 999 (6th Cir.1994). Once a right is determined to be clearly established, the court must determine if the right was "one that a 'reasonable' person in [the Knox County officers'] position[s] could have failed to appreciate would be violated by [their] conduct." Pray, 49 F.3d at 1157 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).
 
 
 13
 A reasonable person in the Knox County officers' positions would have known that the launching of tear gas constituted a warrantless intrusion into Max's home. See, e.g., O'Brien, 23 F.3d at 999 (finding that the use of mirror probes in defendant's home constituted a warrantless search).[1] The tear gas assault constituted a search of Max's home within the meaning of the Fourth Amendment. Thus, the relevant question before this court is whether an objectively reasonable officer would have believed that exigent circumstances justified the warrantless search in light of the information possessed by the Knox County officers.
 
 
 14
 What the Knox County officers believed to be the circumstances prior to the tear gas assault is unclear. The only evidence in the record pertaining to the information possessed by the Knox County officers is Hutchison's affidavit. In this affidavit, he does not state that he believed that exigent circumstances justified the tear gas assault, nor does he relate what Scott County officers told him prior to the tear gas assault. He simply states that he told Scott County officials that he and his officers had tear gas, that they launched the gas, and that the gas did not facilitate Max's surrender.
 
 
 15
 Whether exigent circumstances justified the warrantless search of Max's home "is a question for the jury provided that, given the evidence on the matter, there is room for a difference of opinion." O'Brien, 23 F.3d at 998. In the instant case, the facts surrounding the existence of exigent circumstances are in dispute, and a rational jury could draw more than one inference from the parties' conflicting facts. Consequently, there are genuine issues of material fact regarding whether the Knox County officers are entitled to qualified immunity. The district court's denial of summary judgment based on qualified immunity was proper.
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 Although this circuit issued the decision in O'Brien after the challenged events occurred in this case, the district court's decision finding that the probes of O'Brien's house violated the Fourth Amendment was issued prior to the events in question. Furthermore, a reasonable official would have known that launching tear gas into an inhabited home violated the protections of the Fourth Amendment