Veronica DOTSON, Plaintiff,

v.

CITY OF YOUNGSTOWN, OHIO, et al., Defendants.

No. 4:99–CV–940.

United States District Court,
N.D. Ohio,
Eastern Division.

Nov. 17, 1999.

Alan S. Belkin, Law Offices of Alan S. Belkin, Cleveland, OH, for Plaintiff.

Neil D. Schor, Harrington, Hoppe & Mitchell, Youngstown, OH, S. Randall Weltman, Climaco, Lefkowitz, Peca, Wilcox & Garofoli, Cleveland, OH, for Defendants.

## OPINION AND ORDER

GWIN, District Judge.

On October 4, 1999, Defendants City of Youngstown and Police Officer Assad Chaibi filed a motion for summary judgment. [Doc. 24]. With this motion, defendants contend that Plaintiff Veronica Dotson cannot support her claim under 42 U.S.C. § 1983 that defendants unlawfully arrested her and that they maliciously prosecuted her after the arrest.

In her response to the motion, Plaintiff Dotson does not oppose the City of Youngstown's motion for summary judgment. The Court therefore grants the motion with respect to the City of Youngstown and addresses its analysis herein to the remaining defendant in this action, Officer Chaibi.

Upon review of the motion and relevant portions of the record, the Court finds that Defendant Chaibi is immune from Plaintiff Dotson's § 1983 claim. The Court therefore grants Defendant Chaibi's motion on this claim. Having found that Defendant Chaibi is immune from all federal claims, the Court declines to exercise jurisdiction over Dotson's remaining state law claim of malicious prosecution.

## I. FACTUAL BACKGROUND

Plaintiff Veronica Dotson was a resident of Youngstown, Ohio, at all relevant times to this action.[1]

Defendant Chaibi is an officer with the City of Youngstown Police Department. In his position as an officer, Defendant Chaibi claims he is qualifiedly immune from suit.

On April 2, 1998, Dotson's car was illegally parked on a Youngstown street. Officer Chaibi issued a parking citation for Dotson's car. Plaintiff Dotson does not challenge the issuance of this citation.

Chaibi says that after he issued the citation, Dotson began screaming obscenities at him, raising her voice, and potentially

---

1. Plaintiff Dotson now resides in Pennsylvania.

inciting bystanders. Defendant Chaibi says he warned Plaintiff Dotson to stop. He says she continued to scream obscenities at him from her car window after leaving the scene. Defendant Chaibi then pulled over Plaintiff Dotson and cited her for disorderly conduct.[2]

Plaintiff Dotson disputes Officer Chaibi's version of events. Dotson says she drove away from the spot where Chaibi issued the parking citation, only to be followed by Chaibi and arrested. Dotson denies having used any offensive language or causing any disturbance. Dotson does not suggest any motivation that Defendant Chaibi had for following her.

On May 7, Plaintiff Dotson was found guilty of disorderly conduct after a bench trial in Youngstown Municipal Court. The court sentenced Dotson to ten days in jail, all of which was suspended. The Court also fined Dotson $250.00 and suspended all but $50.00 of the fine. Finally, the court placed Dotson on six months of non-reporting probation. Plaintiff Dotson was never placed into custody or otherwise held by Chaibi or the Youngstown Police concerning this incident.

On March 24, 1999, the Ohio Seventh District Court of Appeals overturned the conviction. After this state court reversal of her conviction, Dotson filed this action on for unlawful arrest and malicious prosecution against both the City of Youngstown and Officer Chaibi.[3]

On October 4, 1999, defendants moved for summary judgment. In their motion,

the Defendants say they are immune from this action. Plaintiff Dotson concedes she is unable to overcome the City of Youngstown's motion and addresses her argument only to Defendant Chaibi.

Because Dotson concedes Youngstown's motion, the Court grants Defendant City of Youngstown's motion in its entirety.[4] The Court also grants Defendant Chaibi's motion on the § 1983 claim. The Court declines to exercise jurisdiction on the remaining state law claim for malicious prosecution as against Officer Chaibi.

## II. LEGAL STANDARD

Fed.R.Civ.P. 56(c) states, in pertinent part:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In considering a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987); *SEC v. Blavin*, 760 F.2d 706, 710 (6th Cir.1985). The moving party has the burden of showing conclusively that no

---

**2.** Disorderly conduct is a misdemeanor of the fourth degree. Ohio Rev.Code § 2917.11(A)(2).

**3.** Plaintiff Dotson filed her complaint on April 21, 1999.

**4.** The Court notes that to prevail on summary judgment, the plaintiff's lack of response to an argument does not automatically grant the defendant a right to judgment. *See Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir.1979) (stating that "even though the plaintiffs offered no timely response to the defendants' motion for summary judgment, the District Court could not use that as a reason for granting summary

judgment without first examining all the materials properly before it under Rule 56(c)").

The Court finds that the City of Youngstown has met its burden under Rule 56(c) on these claims. The City of Youngstown challenges both of Dotson's claims by pointing to her deposition, in which Plaintiff Dotson failed to identify any policy that would have prevented her alleged "arrest" and subsequent prosecution or that the city failed to train Officer Chaibi. Therefore, the City of Youngstown has met its burden under Rule 56. Plaintiff's Dotson's failure to proffer evidence and argument in response justifies a grant of the city's motion on both claims.

genuine issue of material fact exists. *See 60 Ivy Street Corp.*, 822 F.2d at 1435.

Factual disputes about matters essential to adjudication preclude the Court from granting summary judgment. *See id.* But not every factual dispute between the parties prevents summary judgment. Rather, the disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The factual dispute must also be genuine. The facts must be such that if they were proven at trial a reasonable jury could return a verdict for the non-moving party. *See id.* at 248, 106 S.Ct. 2505. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *See 60 Ivy Street*, 822 F.2d at 1435 (citing *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Thus, the judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue a proper jury question, and not to judge the evidence and make findings of fact. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *60 Ivy Street*, 822 F.2d at 1436 (quoting *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505).

The Court now reviews Defendant Chaibi's motion and the record with these standards in mind.

## III. DISCUSSION

Defendant Chaibi contends he is entitled to summary judgment under the doctrine of qualified immunity.

Generally, government officials performing discretionary functions have qualified immunity "shielding them from civil damages liability, as long as their actions could reasonably have been thought to be consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). The general rule of qualified immunity is intended to provide government officials with the ability to reasonably anticipate when their conduct may give rise to liability for damages. *See id.* at 646, 107 S.Ct. 3034. Where a public official's "duties legitimately require action in which clearly established rights are not implicated, the public interest may be better served by action taken 'with independence and without fear of consequences.'" *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (citation and footnote omitted).

Government officials are held to be immune if " 'officers of reasonable competence could disagree' on whether the conduct violated the plaintiffs right's." *Gossman v. Allen*, 950 F.2d 338, 341 (6th Cir. 1991) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)). The plaintiff has the burden of proof to establish that the defendants are not entitled to qualified immunity. *See Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir.1991).

In a § 1983 action, the first step in a qualified immunity analysis is to decide whether, based on the applicable law, a constitutional violation has occurred. *See Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir.1996). If the Court determines that there was a constitutional violation, it next must determine whether the violation involved "clearly established constitutional rights of which a reasonable

person would have known." *Id.* at 1158 (citation omitted). To be "clearly established," the law must define the right allegedly violated in a particularized and relevant sense rather than on a general level. *See Anderson,* 483 U.S. at 640, 107 S.Ct. 3034. "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* It is not necessary that the conduct previously was held unlawful, but considering the pre-existing law the unlawfulness of that conduct must be apparent. *See id.*

 If it is determined that the right is clearly established, then the court must finally determine whether the plaintiff has alleged sufficient facts, supported by sufficient evidence, to indicate that the police officer's actions under the circumstances were "objectively unreasonable in light of the clearly established constitutional rights." *Dickerson,* 101 F.3d at 1158 (citation omitted). The "objective reasonableness" standard focuses on whether the defendant reasonably could have thought his actions were consistent with the rights that plaintiffs claim have been violated. *See Mays v. City of Dayton,* 134 F.3d 809, 813 (6th Cir.1998). If the government official has acted in a manner reasonably consistent with the plaintiff's rights, qualified immunity protects that official from civil suit resulting from those actions. *See id.*

Therefore, to overcome Defendant Chaibi's motion for summary judgment, Plaintiff Dotson must show a clearly established right that has been violated. *See Mays,* 134 F.3d at 813.

 Plaintiff Dotson says she has "the right not to be arrested, charged and tried for a crime without probable cause." An arrest without probable cause violates the Fourth Amendment. *See Donovan v. Thames,* 105 F.3d 291, 297 (6th Cir.1997) (citing *Beck v. Ohio,* 379 U.S. 89, 90–91, 85

S.Ct. 223, 13 L.Ed.2d 142 (1964)). However, Defendant Chaibi says no arrest of Dotson took place. Chaibi cites Dotson's testimony acknowledging that she was not arrested.[5]

Dotson contends that the totality of the circumstances support a finding that she was arrested, even though she was never detained. The circumstances that Dotson cites as giving rise to an "arrest" are that the citation "subjected [her] to the costs and anguish of trial and appeal and the potential for criminal sanction."

According to the U.S. Supreme Court, an arrest typically entails "a trip to the station house [for] prosecution for [a] crime." *Terry v. Ohio,* 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). It is undisputed that Dotson was not required to do anything other than report to court at the time specified on the summons.

Although the issuance of a citation may be a seizure for Fourth Amendment purposes, it does not necessarily follow that an arrest has occurred. *See Devine v. M.T. Pickering,* 959 F.2d 234 (TABLE), 1992 WL 70188, *3 (6th Cir. April 8, 1992). "The issuance of a citation, in which the offender is given no reason to expect more than a temporary detention, is analogous to the routine issuance of a traffic ticket, which the Supreme Court has held falls short of formal arrest." *Id.* (citing *Berkemer v. McCarty,* 468 U.S. 420, 437–42, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984)). The undisputed evidence leads the Court to conclude that issuing the citation "cannot fairly be characterized as the functional equivalent of formal arrest." *Id.* (citing *Berkemer,* 468 U.S. at 442, 104 S.Ct. 3138).

Although there is a clearly established right to be free from arrest without probable cause, there was no arrest here to give rise to a probable cause requirement. *See*

---

**5.** Plaintiff Dotson's transcript reflects the following exchange:

> Q: .... So you were never arrested or confined in any way over this?
> A: No, I was not arrested.

> Q: You were given a summons and a court date?
> A: Yes.

Dotson Deposition at 49.

*Devine v. M.T. Pickering,* 959 F.2d 234, 1992 WL 70188, at *3 (stating that although seizure occurred at time of citation, plaintiff was not arrested and "[p]robable cause, therefore, was not required"). Accordingly, the Court finds that Plaintiff Dotson has failed to show that any clearly established constitutional rights were violated. Therefore, Defendant Chaibi is entitled to assert qualified immunity regarding plaintiff's § 1983 claim. The Court therefore grants Defendant Chaibi's motion for summary judgment on this claim.

Plaintiff Dotson's only remaining claim against Officer Chaibi is for malicious prosecution. When a district court has original jurisdiction over a civil action, the court has supplemental jurisdiction over "all other claims so related to [the original jurisdiction claims] that they form part of the same case or controversy." 28 U.S.C. 1367(a). Because the Court has original jurisdiction over Plaintiff Dotson's § 1983 claim, the Court has supplemental jurisdiction over Dotson's malicious prosecution claim.

District courts may decline to exercise supplemental jurisdiction if the court has dismissed all the claims over which it had original jurisdiction. 28 U.S.C. 1367(c). Generally, if the plaintiff's federal claims are dismissed before trial, "the state claims should be dismissed as well." *Taylor v. First of America Bank–Wayne,* 973 F.2d 1284, 1287 (6th Cir.1992) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

The Sixth Circuit recognizes that when there is "substantial similarity between the predicate factual findings necessary to the resolution of both the federal and state claims," retention of the state law claims in federal court is proper. *Riddle v. Egensperger,* 998 F.Supp. 812, 819 (N.D.Ohio 1998) (quoting *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1413 (6th Cir.1991)). In this case, the Court has found that Plaintiff Dotson failed to meet minimum legal requirements to bring a § 1983 claim. The Court's conclusion that there is no clearly established Constitutional right at issue here is unrelated to any factual analysis presented by the malicious prosecution claim or an immunity defense arising under Ohio state law.

Because the Court's analysis has not even remotely touched on issues relating to Dotson's malicious prosecution claim against Officer Chaibi, there is no equitable argument that would favor resolution of the claim in federal court over state court. Therefore, the Court declines to exercise supplemental jurisdiction over the malicious prosecution claim.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants City of Youngstown's motion for summary judgment on all claims. The Court grants Defendant Chaibi's motion for summary judgment on Plaintiff Dotson's § 1983 claim. The Court declines to exercise jurisdiction over the plaintiff's malicious prosecution claim and dismisses that claim without prejudice.

IT IS SO ORDERED.

## ORDER

The Court has issued its opinion in the above-captioned case. For the reasons stated therein, the Court grants Defendant City of Youngstown's motion for summary judgment on all claims and grants Defendant Chaibi's motion on plaintiff's claim arising under 42 U.S.C. Section 1983. The Court declines to exercise jurisdiction over the remaining state law claim against Chaibi and dismisses that claim without prejudice.

This action is hereby terminated pursuant to Rule 58 of the Federal Rules.

IT IS SO ORDERED.