**Mark William CANTER; Walter Edwin Moore, Plaintiffs–Appellees,**

v.

**COUNTY OF OTSEGO, et al., Defendants;**

---

John Hardy; Carl Goeman; Kenneth Bur; Frederick A. Labarge; Douglas A. Wilt, Defendants–Appellants.

No. 99–2339.

United States Court of Appeals, Sixth Circuit.

July 12, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

## OPINION

COLE, Circuit Judge.

Defendants-appellants in this civil rights action appeal the denial of their motion for summary judgment on the grounds of qualified immunity. Plaintiffs-appellees urge us to dismiss this appeal for lack of jurisdiction. For the reasons set forth below, we AFFIRM the district court's decision and REMAND the case for trial.

### I. BACKGROUND

Plaintiffs-appellees Mark William Canter and Walter Edwin Moore were tried and convicted in 1988 for the murder of an oil field worker, Jerry Tobias, in Otsego County, Michigan. At the request of Canter's counsel, the Michigan Attorney General commenced an investigation into Canter's conviction in December 1989. This investigation revealed extensive irregularities in the prosecution's handling of both Canter's and Moore's cases. In light of the Attorney General's findings, both men sought new trials and their cases subsequently were remanded to the state trial court for evidentiary hearings. *See People v. Moore*, 437 Mich. 973, 467 N.W.2d 599 (Mich.1991); *People v. Canter*, 197 Mich. App. 550, 496 N.W.2d 336 (Mich.Ct.App. 1992).

Following remand, the Otsego County prosecutor's office disclosed thousands of pages of documents relating to the investigation of Jerry Tobias's murder. Many of these documents contained exculpatory information relating to plaintiffs, despite the county prosecutor's previous testimony that all such information had been disclosed. In addition, one of the prosecution's key witnesses. Debra Parmentier, was charged in 1994 with eight counts of perjury for false statements she allegedly made during plaintiffs' murder trials. In February 1995, Parmentier gave a lengthy unsworn statement to plaintiffs' counsel indicating that her testimony implicating plaintiffs had been false.

On January 16, 1996, the state trial court advised counsel that it would grant plaintiffs' motions for a new trial. At that time, the prosecutor proposed a plea bargain whereby plaintiffs would plead guilty to charges relating to Tobias's death, but less than murder, and would be sentenced to time already served. Plaintiffs refused to plead guilty. On January 18, 1996, plaintiffs were released from prison. The county prosecutor thereafter decided to recharge plaintiffs with murder, and filed new criminal informations against them on May 24, 1996. The trial court, however, ruled that Parmentier's previous testimony against plaintiffs would not be admitted at plaintiffs' new trial. Consequently, the trial court dismissed the new charges against plaintiffs for lack of probable cause.

Plaintiffs filed the instant civil rights action in the United States District Court for the Eastern District of Michigan on September 5, 1997, alleging various constitutional violations stemming from the state's prosecution of them for the murder of Jerry Tobias. Among the various law enforcement officials named in plaintiffs' complaint were Michigan State Police Officers Frederick LaBarge, John Hardy, Carl Goeman, Douglas A. Wilt, and Kenneth Bur (the "State Police defendants").

On August 11, 1998, the State Police defendants filed a motion for summary judgment. This motion, along with a similar motion filed by defendants County of

Otsego, Norman Hayes, Dawn Schumacher, Kevin Hesselink, Jerry Boerema, and Patricia Newhouse (the "County defendants"), was referred to a magistrate judge for a report and recommendation. The magistrate judge issued a comprehensive Report and Recommendation ("R&R") on March 17, 1999, recommending that the district court grant defendants' motions in part and deny them in part. On September 30, 1999, the district court issued an opinion and order accepting the magistrate judge's R&R with certain modifications. Specifically, the district court found that plaintiffs had established genuine issues of material fact with respect to four claims relating to the State Police defendants. The court therefore denied, in part, the State Police defendants' motion for summary judgment, and ordered the case to proceed to trial on the following counts: Count I, a § 1983 claim against defendants Hardy and LaBarge for malicious prosecution; Count II, a § 1983 claim against defendant Goeman for malicious prosecution; Count VI, a § 1983 claim against all five State Police defendants for denial of a fair trial and due process of law; and Count VIII, a § 1983 claim against all five State Police defendants for conspiracy.[1] The district court also adopted the magistrate judge's conclusion that the State Police defendants were not entitled to qualified immunity on these counts.

The State Police defendants now bring this interlocutory appeal from the district court's order, arguing that the court erred in holding that defendants are not entitled to qualified immunity. Plaintiffs urge us to dismiss the appeal for lack of jurisdiction, arguing that the district court's denial of summary judgment in this case is not appealable under *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). Plaintiffs also ask us to impose sanctions against defendants for filing a frivolous appeal, pursuant to FED. R.APP. P. 38.

## II. DISCUSSION

### A. Applicable Legal Standard

A district court's denial of a claim of qualified immunity, to the extent it turns on an issue of law, is an immediately appealable "final decision" within the meaning of 28 U.S.C. § 1291. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). However, where a district court denies a defendant's motion for summary judgment based on its determination that a genuine factual dispute exists as to the merits of the constitutional claim presented, the defendant may not bring an immediate appeal. *Johnson v. Jones*, 515 U.S. 304, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995). We have summa-

---

1. The district court qualified its denial of summary judgment with respect to these claims in two significant ways. First, the court stated that plaintiffs were not entitled to rely on Parmentier's statement to plaintiffs' counsel in February 1995 in proving their malicious prosecution claims (Counts I and II). The court found that such an unsworn statement could not properly be considered when ruling on a summary judgment motion. *See Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968–69 (6th Cir.1991). Second, the court dismissed plaintiffs' fair trial, due process, and conspiracy claims (Counts VI and VIII) to the extent that they alleged improper suppression of evidence by the State Police defendants. The court agreed with the magistrate judge's conclusion that the duty to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), extends only to the prosecutor, not the police. *See Walker v. City of New York*, 974 F.2d 293, 299 (2d Cir.1992) ("[T]he police satisfy their obligations under *Brady* when they turn over exculpatory evidence to the prosecutors."). However, the court also agreed with the magistrate judge's conclusion that Counts VI and VIII could proceed to trial to the extent they were based on subordination of perjury and intimidation of witnesses.

rized these two jurisdictional principles as follows:

> First, this court has jurisdiction to hear an appeal of the separable and abstract issues of law that were necessarily determined by the district court's denial, even where ... the district court denies the motion with the unadorned statement that material issues of fact remain. Second, this court does not have jurisdiction to hear such an appeal where what is at issue is nothing more than whether the evidence could support a finding that particular conduct occurred.

*Chappel v. Montgomery County Fire Protection Dist. No. 1*, 131 F.3d 564, 572 (6th Cir.1997) (internal citations, quotations, and alterations omitted).

■ The district court in this case denied summary judgment, finding that disputed issues of material facts existed with respect to some of the claims asserted against the State Police defendants. While our appellate jurisdiction is not controlled by the language used by the district court, *see Turner v. Scott*, 119 F.3d 425, 428 (6th Cir.1997), defendants nevertheless must put forward a purely legal argument relating to their claim of qualified immunity in order for this Court to exercise jurisdiction over their appeal.

■ In *Dickerson v. McClellan*, 101 F.3d 1151 (6th Cir.1996), we described our three-step approach to analyzing claims of qualified immunity in § 1983 actions as follows:

> The first step in a qualified immunity analysis is whether, based on applicable law, a constitutional violation has occurred. If we find a constitutional violation, we examine whether it involved clearly established constitutional rights of which a reasonable person would have known.... Once it is determined that the right is clearly established, the court must determine whether the plaintiff has alleged sufficient facts supported by

sufficient evidence to indicate what the officer allegedly did was objectively unreasonable in light of the clearly established constitutional rights. Summary judgment is not appropriate if there is a genuine factual dispute relating to whether the defendants committed acts that allegedly violated clearly established rights.

*Id.* at 1157–58 (internal citations, quotations, and alterations omitted). Only if a defendant raises a purely legal argument under the first two prongs of this analysis may we exercise jurisdiction over an interlocutory appeal from a denial of summary judgment in a qualified immunity case. Compare *Behrens v. Pelletier*, 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (construing *Johnson* to allow an interlocutory appeal where defendant argues only that plaintiff failed to allege a constitutional violation), and *Mitchell*, 472 U.S. at 528 (permitting interlocutory appeal where defendant argues only that constitutional right was not "clearly established" at time defendant engaged in alleged misconduct), with *Johnson*, 515 U.S. at 313 (barring interlocutory appeal where defendant's challenge relates only to district court's determination of evidentiary sufficiency at summary judgment).

### B. Jurisdiction

Under these standards, it is clear that we lack jurisdiction over all but one issue raised by the State Police defendants on appeal. As the magistrate judge pointed out in his discussion of qualified immunity, the State Police defendants expressly admitted that the constitutional rights they are accused of violating were clearly established at the time of their alleged misconduct. The magistrate judge stated:

> The State Police defendants also claim that they are entitled to qualified immunity. These defendants, focus, however, only on the first inquiry under the qualified immunity test: whether plaintiffs

have established a constitutional violation at all. Defendants do not argue that the law is not clearly established with respect to plaintiff's [sic] claims. Indeed defendants themselves acknowledge that "subordination, interference to [sic] the right to a fair trial, and suppression of exculpatory evidence in bad faith[ ] are all clearly established constitutional rights[.]" State Police Def.'s Br. in Supp. of Mot. for Summ. J., at 55. Accordingly, the State Police defendants' qualified immunity claim merges with the analysis of plaintiffs' substantive constitutional claims against these defendants, and there is no need to separately consider the qualified immunity issue.

The magistrate judge's reasoning, which the district court expressly adopted in its opinion and order, comports with both Supreme Court and Sixth Circuit precedent. *See Behrens,* 516 U.S. at 313; *Johnson,* 515 U.S. at 319; *Hoard v. Sizemore,* 198 F.3d 205, 219 (6th Cir.1999); *Dickerson,* 101 F.3d at 1157.

Plaintiffs argue that, by virtue of defendants' own clear admission, defendants have eliminated from our consideration the only question over which we would have proper jurisdiction at this juncture. Indeed, to the extent that defendants challenge only the propriety of the district court's evidentiary determinations under Fed. R. Civ. P. 56(c), plaintiffs are correct. As we recently stated in a case presenting the same jurisdictional issue:

[A]ppellate courts do not have jurisdiction to review determinations of evidentiary sufficiency if what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct

occurred, but instead only have jurisdiction over summary judgment determinations that resolve a dispute concerning an abstract issue of law relating to qualified immunity[,] typically, the issue of whether the federal right allegedly infringed was clearly established.

*Hoard,* 198 F.3d at 219 (internal citations, quotations, and alterations omitted).

The State Police defendants, perhaps in recognition of our inability to review an interlocutory challenge to the district court's evidentiary determination on summary judgment, attempt to couch their appeal in legal, rather than evidentiary, arguments. For example, defendants contend that the district court misapplied the Rule 56(c) standard for summary judgment by failing to credit certain "undisputed" evidence of defendants' innocence. Defendants also suggest that the district court may have applied an incorrect standard of review in considering plaintiffs' claims, such as the Rule 12(b)(6) motion-to-dismiss standard rather than the Rule 56(c) summary judgment standard.

At bottom, however, these arguments represent thinly-veiled attempts to challenge the correctness of the district court's conclusion regarding the sufficiency of the evidence supporting plaintiffs' civil rights claims. The "undisputed" evidence to which defendants refer consists primarily of affidavits submitted by defendants denying plaintiffs' allegations of wrongdoing. The magistrate judge expressly considered such evidence and found that genuine issues of material fact remained.[2] The district court adopted this conclusion as its own, finding that plaintiffs had presented sufficient competent evidence to preclude summary judgment on the merits of their malicious prosecution, fair trial/due pro-

---

2. Specifically, the magistrate judge expressly acknowledged that "defendants ... have evidence tending to contradict plaintiffs' allegations." Thus, the defendants' repeated contention that the magistrate judge disregarded their undisputed evidence simply is untenable.

cess, and conspiracy claims. Specifically, the district court found that plaintiffs had established triable issues of fact as to whether the defendants knew before trial that Parmentier lacked credibility; whether the defendants suppressed potentially exculpatory evidence regarding Parmentier's lack of credibility; whether the defendants improperly coached Parmentier's testimony; and whether the defendants improperly provided Parmentier with food, lodging, and spending money during trial. Even if we accept the district court's ruling that plaintiffs may not rely on Debra Parmentier's unsworn statement to plaintiffs' counsel, the district court's denial of defendants' motion for summary judgment nevertheless is supported by other documentary and testimonial evidence. *See* Pls.' Resp. to Mot. for Summ. J., Attach. # 1–# 210.

Moreover, defendants' suggestion that the magistrate judge applied the incorrect, Rule 12(b)(6) standard of review in considering defendants' summary judgment motion is flatly misleading. The portions of the R & R to which defendants refer address defendants' arguments that plaintiffs' complaint "fails to state a claim for relief." As the magistrate judge's discussion of the applicable legal standard plainly reveals, there is little question that he applied the proper Rule 56(c) standard of review in considering defendants' summary judgment motion. *See* R & R, at 15–17.

Accordingly, to the extent that defendants challenge the district court's conclusion regarding the sufficiency of the evidence presented by plaintiffs, we lack jurisdiction to consider such arguments. *Johnson,* 515 U.S. at 313.

### C.  Defendants' § 1983 Conspiracy Argument

■ The only issue raised by defendants on appeal presenting even a color-able legal (as opposed to evidentiary) argument is their contention that plaintiffs may not state a claim for conspiracy under § 1983. In rejecting this same argument before the district court, the magistrate judge cited clear Sixth Circuit precedent recognizing the legitimacy of a conspiracy claim under § 1983. *See Wegener v. City of Covington,* 933 F.2d 390, 391 (6th Cir. 1991); *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir.1987). The magistrate judge also cited authority from every other circuit (except for the District of Columbia Circuit, which has not yet addressed the issue) recognizing § 1983 conspiracy claims. The district court expressly adopted the magistrate judge's analysis of this point as its own.

Defendants' argument as to this issue is at best a good faith attempt to advance a construction of § 1983 not accepted by any federal appellate court in the country. At worst, it is a not-so-subtle attempt to insert a purely legal argument into an appeal over which we otherwise lack jurisdiction. The Supreme Court expressly acknowledged the potential for such manipulative pleading in *Johnson:*

> Petitioners argue that our effort to separate reviewable from unreviewable summary judgment determinations will prove unworkable. First, they say that the parties can easily manipulate our holding. A defendant seeking to create a reviewable summary judgment order might do so by adding a reviewable claim to a motion that otherwise would create an unreviewable order.

515 U.S. at 318.

Whether or not defendants intended to manipulate our jurisdictional rules by raising a purely legal challenge to plaintiffs' § 1983 conspiracy claim, the practical result is the same. Defendants' argument has absolutely no merit. *See Weberg v. Franks,* 229 F.3d 514, 526–528 (6th Cir. 2000) (finding sufficient record evidence to

support plaintiff's conspiracy claim under § 1983); *Froman v. Jones,* No. 97–5060, 1998 WL 786982, at *2 (6th Cir. Oct. 29, 1998) (unpublished) ("[A] conspiracy claim brought under § 1983 which does not allege class-based animus nonetheless may be considered under § 1983."); *Wegener,* 933 F.2d at 391 (recognizing cause of action for civil conspiracy under § 1983); *Gutierrez,* 826 F.2d at 1538 (same). Thus, while we are bound to exercise jurisdiction over defendants' purely legal argument, *see Johnson,* 515 U.S. at 318, we need not waste much energy in rejecting it.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's decision and REMAND the case for trial. Plaintiffs' request for costs and attorney's fees pursuant to FED. R.APP. P. 38 is DENIED.