ZATKOFF, District Judge,
concurring, in part, and dissenting, in part.
I concur in Judge Cole’s majority opinion, which faithfully applies this circuit’s precedent in Cockrel v. Shelby County School District, 270 F.3d 1036 (6th Cir.2001) to the present facts. In addition, I concur in Judge Sutton’s concurring opinion, which calls for a re-examination of this circuit’s First Amendment jurisprudence regarding in-class curricular speech. I disagree with the majority insofar as it would deny qualified immunity to the individual defendants. Because I find that the alleged Constitutional violation was not “clearly established,” I would grant qualified immunity to the individual defendants. Accordingly, I respectfully dissent as to this issue.
Government officials performing discretionary functions are shielded from liability for civil damages so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court has repeatedly “stressed the importance of resolving immunity questions at the earliest possible stage in litigation.” Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d *239 272 (2001). The issue of qualified immunity is a question of law. Harlow, 457 U.S. at 818, 102 S.Ct. 2727. The burden is on the plaintiff to demonstrate that the individual defendants are not entitled to qualified immunity. See Wegener v. Covington, 933 F.2d 390, 392 (6th Cir.1991).
The majority opinion extensively analyzed the issue of whether Plaintiffs complaint asserted a constitutional violation. Following Sixth Circuit cases, it applied the Pickering balancing test, weighing the employee’s interest in speaking against the employer’s interest in regulating the speech, and ultimately concluded that Plaintiffs complaint sufficiently asserted a constitutional violation.
The majority then moved on to the issue of whether the constitutional right in question was “clearly established.” It concluded:
Under a liberal reading of the Complaint, Evans-Marshall was terminated due to a public outcry engendered by the assignment of protected material that had been approved by the Board. Such a claim dovetails with previous, meritorious claims in this circuit. See Cockrel, 270 F.3d at 1054-55; Stachura, 763 F.2d at 214-15.
Majority Opinion, at 232 - 233.
Though Cockrel and Stachura did involve successful First Amendment claims, I do not believe these cases can be said to have “clearly established” a constitutional violation in the present case. A number of circuit courts of appeal have explained that constitutional rights which require a particularized balancing test, such as the Pickering balancing test in this case, will rarely be “clearly established” for qualified immunity purposes. See DiMeglio v. Haines, 45 F.3d 790, 806 (4th Cir.1995) (“[Ojnly infrequently will it be ‘clearly established’ that a public employee’s speech on a matter of public concern is constitutionally protected, because the relevant inquiry requires a ‘particularized balancing’ that is subtle, difficult to apply, and not yet well-defined.”); see also Connick, 461 U.S. at 154, 103 S.Ct. 1684, (“ ‘We do not deem it either appropriate or feasible to attempt to lay down a general standard against which all statements may be judged.’”) (quoting Pickering, 391 U.S. at 569, 88 S.Ct. 1731); see also Medina v. City and County of Denver, 960 F.2d 1493, 1498 (10th Cir.1992) (“In determining whether the law was clearly established, we bear in mind that allegations of constitutional violations that require courts to balance competing interest may make it more difficult to find the law ‘clearly established’ when assessing claims of qualified immunity.”); Borucki v. Ryan, 827 F.2d 836, 848 (1st Cir.1987) (“When the law requires a balancing of competing interest, ... it may be unfair to charge an official with knowledge of the law in absence of a previously decided case with clearly analogous facts.”); Myers v. Morris, 810 F.2d 1437, 1462 (8th Cir.) (“If the existence of a right or the degree of protection it warrants in a particular context is subject to a balancing test, the right can rarely be considered ‘clearly established,’ at least in the absence of closely corresponding factual and legal precedent.”); Benson v. Allphin, 786 F.2d 268, 276 (7th Cir.) (A constitutional rule that “involves the balancing of competing interests” is “so fact dependent that the ‘law’ can rarely be considered ‘clearly established.’ ”). I would follow these cases and conclude that Evans-Marshall’s alleged Constitutional violation has not yet been “clearly established.”
In addition, I find that the holdings of Cockrel and Stachura were limited to the facts before them and were very narrow. In Cockrel, the Court concluded: “[W]e hold that, on balance, the defendants’ interests in an efficient operation of the *240 school and a harmonious workplace do not outweigh the plaintiffs interests in speaking about the benefits of industrial hemp, an issue of substantial political and economic concern in Kentucky.” Such a narrow holding may have clearly established a teacher’s right to discuss the benefits of industrial hemp in the classroom, but it should not be read to have clearly established a broad constitutional right regarding “in the classroom” teacher speech.
The concurring opinion of Judge Sutton also addressed the question of qualified immunity, stating that though it is “difficult for a plaintiff to surmount a qualified-immunity defense after discovery,” it is also “difficult for a defendant to claim qualified immunity on the pleadings before discovery and before the parties (much less the courts) know what is being balanced against what.” Concurring Opinion, at 234.
I am not persuaded with a before/after discovery distinction. There is no inherent difficulty in determining qualified immunity on a motion to dismiss. The district court simply must determine the defendant’s conduct based on the facts as alleged in Plaintiffs complaint. See Behrens v. Pelletier, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996) (“At that earlier stage, it is the defendant’s conduct as alleged in the complaint that is scrutinized for ‘objective legal reasonableness.’ On summary judgment, however, the plaintiff can no longer rest on the pleadings, see Fed. Rule Civ. Proc. 56, and the court looks to the evidence before it (in the light most favorable to the plaintiff) when conducting the Harlow inquiry.”). Granting Plaintiff all the factual inferences from her Complaint, I nevertheless find that the alleged conduct does not amount to a “clearly established” constitutional violation due to the inherent difficulty in applying the Pickering balancing test.
For the above reasons, I would grant qualified immunity to individual defendants Wray and Zigler. Because I disagree with the majority’s conclusion as to this issue, I respectfully dissent.