OPINION
On January 8, 2001, appellant, Kathleen Herbert, filed a complaint against defendants, City of Canton, Canton Police Officer David Wright, Jr., and City of Canton Medic Thomas Baron, seeking damages for violating her civil rights, assault and battery, negligence and invasion of privacy. Appellant's claims arose from her January 8, 1999 arrest for obstructing official business.
On June 21, 2001, defendants filed a motion for summary judgment. By judgment entry filed August 20, 2001, the trial court granted summary judgment to City of Canton and Officer Wright.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE, POLICE OFFICER DAVID WRIGHT, JR., ON PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983 BASED UPON A WARRANTLESS ARREST WITHOUT PROBABLE CAUSE IN VIOLATION OF THE FOURTH AMENDMENT, UNITED STATES CONSTITUTION, FOR THE REASON THAT THERE ARE QUESTIONS OF FACT AS TO WHETHER THERE WAS PROBABLE CAUSE FOR THE ARREST, AND THE DOCTRINE OF QUALIFIED IMMUNITY DID NOT BAR SUCH ACTION.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE, POLICE OFFICER DAVID WRIGHT, JR., ON PLAINTIFF'S CLAIM UNDER 42 U.S.C. § 1983 BASED UPON THE USE OF EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT, UNITED STATES CONSTITUTION, FOR THE REASON THAT THERE ARE QUESTIONS OF FACT AS TO WHETHER THE FORCE WAS OBJECTIVELY REASONABLE, AND THE DOCTRINE OF QUALIFIED IMMUNITY DID NOT BAR SUCH ACTION.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE, POLICE OFFICER DAVID WRIGHT, JR., ON PLAINTIFF'S STATE TORT CLAIM FOR FALSE ARREST, FOR THE REASON THAT THERE ARE QUESTIONS OF FACT AS TO WHETHER THERE WAS PROBABLE CAUSE TO ARREST, AND WHETHER HIS CONDUCT WAS WITH MALICIOUS PURPOSE, IN BAD FAITH, OR IN A WANTON OR RECKLESS MANNER TO DENY HIM IMMUNITY UNDER R.C. 2744.03(A)(6).
Appellant's assignments of error challenge the trial court's granting of summary judgment to appellee, Officer Wright.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447,448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Before we commence a review of the assignments of error, we will first enumerate the facts not in dispute and the facts construed most favorably for the non-moving party, appellant, as they relate to appellant and excessive force.
FACTS NOT IN DISPUTE
 Appellant was a passenger in a pick-up truck being driven by Colin Montgomery. Herbert depo. at 26. Appellant was sitting up against the right-hand door facing Mr. Montgomery. Id. at 27. They were traveling on Market Avenue during a level two snowstorm. Id. at 23, 25.
 The police motioned via lights for Mr. Montgomery to pull over. Id. at 28. Mr. Montgomery did not immediately stop, but turned onto Third Street, NE and stopped. Id. at 30-31.
 Appellee approached the passenger's side and requested appellant to roll down the window and produce identification. Id. at 35. She did not have it on her as her purse was in the back of the pick-up. Id. at 25, 35.
 Appellant admits appellee was not given an explanation as to why she could not produce her identification. Id. at 41-42.
Appellee opened the passenger door. Id. at 44.
 Mr. Montgomery produced appellant's identification for her. Id. at 47.
 Appellant was handcuffed and searched by appellee at the rear of the pick-up. Id. at 52, 55. Appellant was then placed in the police cruiser. Id. at 52.
 Mr. Montgomery did not know appellant was under arrest until appellant was at the rear of the pick-up. Id. at 63.
DISPUTED FACTS CONSTRUED FOR APPELLANT
 Appellant was placed under arrest as she was being pulled from the pick-up after not identifying herself. Id. at 44.
 Appellant was handcuffed immediately and patted down by appellee. Id. at 48, 51-52.
 Appellee placed appellant into the police cruiser as she begged him not to arrest her. Id. at 52, 65.
 Appellant described appellee's placing her in the cruiser as "he put his hand on the top of my head, put his other hand on my shoulder, put his knee in my back in one movement." Id. at 52. Appellant "fell into the cruiser." Id. "He put his hand on the top of my head and with the fingertips, he rolled my head back, and then pushed it with the palm of his hand." Id. at 66.
 I
Appellant claims the trial court erred in granting summary judgment to appellee on her 42 U.S.C. § 1983 claim based upon probable cause to arrest. We disagree.
Appellee defended this claim under the doctrine of qualified immunity. As noted by our brethren from the First District in Cook v. Cincinnati
(1995), 103 Ohio App.3d 80, 85-86, qualified immunity in the context of a 1983 claim is a question of federal law, and is a question of law, not fact, when determining an issue under summary judgment:
 Public officials, including police officers, who perform discretionary functions are entitled to be shielded from liability for civil damages in a 1983 claim as long as their conduct does not violate clearly established federal rights of which a reasonable person would have known. Harlow v. Fitzgerald (1982), 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396, 410-416. The test is an objective one. Id. This right is known in law as qualified immunity.
 Qualified immunity in this context is a question of federal law. State law immunity has no application to a 1983 claim. Cooperman, 32 Ohio St.3d at 198, 513 N.E.2d at 296. Qualified immunity is a question of law, not fact, which can be properly determined by summary judgment. Harlow, supra; Dominque v. Telb (C.A.6, 1987), 831 F.2d 673, 676.
 Although qualified immunity is an affirmative defense, the ultimate burden is on the plaintiff to show that a defendant is not entitled to qualified immunity. Wegener v. Covington (C.A.6, 1991), 933 F.2d 390, 392. A defendant bears the initial burden of coming forward with facts to suggest that he was acting within the scope of his discretionary authority during the incident in question. Thereafter, the burden shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in the defendant's position would have clearly understood that he was under an affirmative duty to refrain from such conduct. Id.
Therefore, in our analysis, we must first determine whether appellee has established facts "to suggest that he was acting within the scope of his discretionary authority during the incident" sub judice. To this question, we answer in the affirmative. Appellee was a uniformed officer in a marked Canton Police Department cruiser who, together with his partner, observed erratic driving and legally stopped the pick-up. It was within appellee's discretionary authority to ask appellant, as the passenger, her name, address and identification. Depending upon which facts you believe, appellee had the discretionary right to arrest appellant for obstructing official business when appellant became uncooperative.[1]
The next level of inquiry is whether appellant has established that any official in appellee's position "would have clearly understood that he was under an affirmative duty to refrain from such conduct." In other words, did appellant establish that appellee's conduct violated a right so clearly established that any officer in appellee's position (objectively measured) would have clearly understood that he was under an affirmative duty to refrain from the conduct. Guercio v. Brody (C.A.6, 1990), 911 F.2d 1179.
Appellant argues appellee lacked probable cause to arrest her. Probable cause to arrest exists when a reasonable prudent person would believe that the person arrested had committed a crime. State v. Timson
(1974), 38 Ohio St.2d 122. A determination of probable cause is made from the totality of the circumstances. The United States Supreme Court expounded on the concept of probable cause in Brinegar v. United States
(1949), 338 U.S. 160, 175, as follows:
 In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. The standard of proof is accordingly correlative to what must be proved.
During a lawful stop, a police officer may order the passenger out of the vehicle. Maryland v. Wilson (1997), 519 U.S. 408. In accepting appellant's version, we find she was unable to identify herself to appellee's legitimate inquiry. We can subjectively find appellee had probable cause to arrest appellant. Therefore, on appellant's 1983 claim based upon probable cause to arrest, we find qualified immunity shields appellee from responsibility for discretionary acts. The trial court did not err in granting summary judgment to appellee on this claim.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in granting summary judgment to appellee on her 42 U.S.C. § 1983 claim based upon the use of excessive force. We disagree.
As noted supra, appellee defended this claim under the doctrine of qualified immunity. As we found in Assignment of Error I, our first inquiry is whether appellee was acting within the scope of his discretionary authority. We find appellee has met this burden because placing an arrested individual in a police cruiser for transport is clearly within his discretionary authority.
This claim therefore proceeds to the second level of analysis. Did appellant provide facts which established that appellee's conduct violated a right so clearly established that any official in appellee's position would have clearly understood he was under an affirmative duty to restrain from such conduct?
Appellant claims appellee used "excessive force" in placing her into the police cruiser. Clearly a claim of "excessive force" under a 1983 claim falls within the purview of the Fourth Amendment to the United States Constitution. Graham v. Conner (1989), 490 U.S. 386. The Graham
court further held the following at 397:
 As in other Fourth Amendment contexts, however, the `reasonableness' inquiry in an excessive force case is an objective one: the question is whether the officers' actions are `objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. See Scott v. United States, 436 U.S. 128, 137-139, 98 S.Ct. 1717, 1723-1724, 56 L.Ed.2d 168 (1978); see also Terry v. Ohio, supra, 392 U.S., at 21, 88 S.Ct., at 1879 (in analyzing the reasonableness of a particular search or seizure, `it is imperative that the facts be judged against an objective standard'). An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional. See Scott v. United States, supra, 436 U.S., at 138, 98 S.Ct., at 1723, citing United States v. Robinson, 414 U.S. 218, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973).
Appellant argues the issue of whether appellee's actions constituted excessive force is a jury question. Appellant argues her description of appellee's acts are tantamount to excessive force, while appellee claims he did not place appellant in the cruiser. See, Wright aff. at paragraph 15, attached to Defendants' Motion for Summary Judgment filed June 21, 2001.
Clearly, who placed appellant in the police cruiser remains a disputed issue of fact. Appellant states it was appellee and describes the action. Under the Civ.R. 56 standard, we must presume that appellant is correct and appellee was the officer who placed appellant in the cruiser.
Using the standard cited in Cook, supra, as to the second prong, we find appellant has failed in her burden to demonstrate that appellee used excessive force. Appellant described the action as noted in our preamble, Disputed Fact No. 4. She went no further than that description. Under her burden in defense of qualified immunity, appellant failed to demonstrate appellee's actions were tantamount to excessive force. It is not sufficient to merely claim an injury as a result of an action; appellant bears the burden of establishing proper police procedure in placing an individual in a cruiser and how the claimed action violated that procedure or went beyond the pale.
Therefore, on appellant's 1983 claim based upon the use of excessive force, we find appellee is entitled to the shield of qualified immunity. The trial court did not err in granting summary judgment to appellee on this claim.
Assignment of Error II is denied.
 III
Appellant claims the trial court erred in granting summary judgment to appellee on her state tort claim for false arrest. We disagree.
In response to appellant's claim for injury as a result of her false imprisonment, appellee argues a claim for false arrest under a state claim must be made within one year. R.C. 2305.11(A). Appellant points out that statute of limitations is an affirmative defense which was not raised by the pleadings nor in appellee's original motion for summary judgment. Further, the complaint filed January 8, 2001 avers that the action sub judice is a refiling of Case No. 2000CV00063 which was dismissed without prejudice on December 19, 2000.
Because the defense of statute of limitations was not affirmatively pled by appellee nor argued to the trial court, we will not sustain the dismissal of this claim on this defense. Failure to timely raise an affirmative defense constitutes waiver of said defense. Mills v.Whitehouse Trucking Co. (1974), 40 Ohio St.2d 55.
Appellee also argues, as he did at the trial court level, that he is entitled to the defense of sovereign immunity under R.C. Chapter 2744. A police officer is immune from liability in performing a governmental function unless the officer's "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." R.C.2744.03(A)(6)(b).
There is no dispute that in effectuating the stop, detention and arrest that appellee was engaged in a governmental function. R.C.2744.01(C)(2)(a). "`Malice' is the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct which is unlawful or unjustified." Cook, supra, at 90. "`Bad faith' involves a dishonest purpose, conscious wrongdoing, the breach of a known duty through some ulterior motive or ill will, as in the nature of fraud, or an actual intent to mislead or deceive another."Id. "Wanton misconduct" is the failure to "exercise any care whatsoever."Hawkins v. Ivy (1977), 50 Ohio St.2d 114, syllabus.
In appellant's response to appellee's claims of immunity, she argues because the arrest for obstruction of official business was without probable cause and was never pursued, the defense of immunity does not lie. We disagree.
There must be some attempt under the guidelines of Dresher v. Burt
(1996), 75 Ohio St.3d 280, to affirmatively show appellee acted maliciously, in bad faith or wantonly or recklessly. None has been shownsub judice. The trial court did not err in granting summary judgment to appellee on appellant's state tort claim for false arrest.
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
[1] R.C. 2921.31 governs the offense of obstructing official business and states "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."