Ruben VALENTIN RODRIGUEZ,
Plaintiff,

v.

MUNICIPALITY OF BARCELONETA,
et al., Defendants.

No. CIV. 02–1805(JP).

United States District Court,
D. Puerto Rico.

Sept. 18, 2002.

Francisco R. González–Colón, Esq., San Juan, for Plaintiff.

Eduardo A. Vera Ramírez, Esq., Courtney R. Carroll, Esq., Landrón & Vera, LLP, Mariana Negrón Vargas, Esq., Commonwealth Department of Justice, Federal Litigation Division, San Juan, Robert Millán, Esq., Río Piedras, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION AND BACKGROUND

The Court has before it Defendants' "Motion to Dismiss Pursuant to FRCP 12(b)(1) and 12(b)(6)" (**docket No. 11**), Plaintiff's opposition thereto (**docket No. 18**), and personal capacity Defendants' "Motion Joining Defendants' Motion to Dismiss and Adding Qualified Immunity as a Basis to Dismiss" (docket No. 19). For the reasons set forth below, both Defendants' Motions to Dismiss are hereby **DENIED.**

Plaintiff in this case is an employee of the Municipality of Barceloneta. Defendants are Sol Luis Fontánez Olivo, the Mayor of the Municipality of Barceloneta, Noel Gutiérrez Cruz, Finance Director of the Municipality, José Jiménez Candelaria Cruz, the Municipality Human Resources Director, all sued in both their official and personal capacities, and the Municipality of Barceloneta. Plaintiff alleges that when Defendant Sol Luis Fontánez Olivo was elected Mayor of the Municipality of Bar-

celoneta, having run on the Popular Democratic Party (PDP) ticket, he and the other co-Defendants carried out a pattern of harassment and retaliation against Plaintiff, all because of Plaintiff's political affiliation with the New Progressive Party (NPP).

Plaintiff brought forth this civil rights action seeking declaratory and injunctive relief, back and front pay, and compensatory and punitive damages as a result of Defendants' politically motivated actions in discriminating against him and creating a hostile working environment. Plaintiff alleges violations under 42 U.S.C. § 1983, and the First and Fourteenth Amendments of the United States Constitution.

Defendants now move for dismissal of the case under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction, and that Plaintiff has failed to state a claim upon which relief may be granted.

The following facts derive from Plaintiff's Complaint:

1. Plaintiff is a current career employee of the Municipality of Barceloneta.

2. Plaintiff is a member of the NPP.

3. Plaintiff has been working for the Municipality of Barceloneta for 23 years.

4. In January 1985, Plaintiff was appointed Municipal Treasurer by the then PDP Mayor Héctor Ruiz Martínez.

5. Mayor Ruiz Martínez died in May 1986.

6. Co–Defendant Sol Luis Fontánez Olivo was elected Mayor of Barceloneta in 1987, under the PDP ticket.

7. In July 1987, Mayor Fontánez terminated Plaintiff's employment, alleging lateness and excessive absenteeism by Plaintiff as just cause.

8. In the fall of 1987, Plaintiff became a member of the NPP, and volunteered in Luis Galarza's campaign for Mayor.

9. In November 1988, Plaintiff filed a complaint with the Municipal Claims Commission, which contained 14 charges of illegal acts and corruption against Mayor Fontánez.

10. Plaintiff was reinstated to his job on November 1, 1990, pursuant to an Order from the Puerto Rico Personnel Appeals Board ("JASAP").

11. Since that date, Defendants have harassed and persecuted Plaintiff.

12. Part of this harassment included giving him a very small desk in a corner with a metal chair.

13. A classification and retribution plan was enacted in 1994, whereby Plaintiff was demoted by six levels, and his salary proportionately reduced.

14. In March 1994, the Mayor assigned guards to observe Plaintiff's activities.

15. In 1995, Defendants fabricated false administrative claims against Plaintiff.

16. Several additional administrative charges have been filed by Defendants against Plaintiff.

17. Defendants have harassed Plaintiff on numerous occasions regarding vacation, salary, payments and expenses.

18. In March 2002, co-Defendant Noel Gutiérrez Cruz ordered all the employees of the Finance Department to punch their time cards for all breaks.

## II.  STANDARD

In adjudicating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir.1991).

Although there is a low threshold for stating a claim, the pleading requirement is "not entirely a toothless tiger." *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir.1996) (quoting *The Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989)). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barceló v. Hernández–Agosto*, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988)). For the purposes of this motion, therefore, all factual allegations in the Complaint will be accepted as true and viewed in the light most favorable to Plaintiff.

## III.  ANALYSIS

■ As an initial matter, the Court first addresses the procedural issue that Plaintiff raised in his opposition, that the Motion to Dismiss filed by Defendants (docket No. 11), should be converted into a Motion for Summary Judgment under Federal Rule of Civil Procedure 56, since it contains material and attachments outside the pleadings. Ordinarily, the Court cannot consider any documents not attached to the complaint, or not expressly incorporated therein, unless the motion is properly converted into one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(b)(6). However, many courts have made narrow exceptions for documents whose authenticity is not disputed by the parties; for instance, for official public records; for documents central to a plaintiff's claim; or for documents sufficiently referred to in the complaint. *See, e.g., Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n. 3 (1st Cir.1991) (considering offering documents submitted by defendants with motion to dismiss claim of securities fraud); *Mack v. South Bay Beer Distrib., Inc.*, 798 F.2d 1279, 1282 (9th Cir.1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."); *see also In re: Wade*, 969 F.2d 241, 249 & n. 12 (7th Cir.1992). In the case at bar, however, the Court chooses not to consider any of the documents submitted by any party, since it finds they are not necessary to its analysis. Therefore, a conversion of the motion to dismiss into one for summary judgment is likewise unnecessary.

### A.  *Time bar under 42 U.S.C. § 1983*

■ Defendants' first allegation is that the claims brought forth by Plaintiff are time-barred. They allege that the statute of limitations for § 1983 actions, which is governed by Puerto Rico law, is one year. *See* 42 U.S.C. § 1988; *Altair Corp. v. Pesquera de Busquets*, 769 F.2d 30 (1st Cir. 1985), and 31 P.R. Laws Ann. § 5298. Since the filing of the Complaint was effected in May 2002, and the last alleged dated discriminatory act took place in July 2000, Defendants allege the case is time-barred. The Court construes the facts set

forth in the Complaint in the light most favorable to the Plaintiff, and concludes the allegations set forth therein are sufficient to survive Defendants' motions to dismiss.

■ The continuing violation doctrine "is an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is 'some violation within the statute of limitations period that anchors the earlier claims.'" *O'Rourke v. City of Providence*, 235 F.3d 713, 730 (1st Cir. 2001) (*quoting Provencher v. CVS Pharmacy*, 145 F.3d 5, 14 (1st Cir.1998)); *see also, Davis v. Lucent Technologies, Inc.*, 251 F.3d 227 (1st Cir.2001). This doctrine ensures that a plaintiff's claims are not foreclosed merely because the plaintiff needs to see a pattern of repeated acts before he actually realizes that the individual acts were discriminatory. *Thomas v. Eastman Kodak Co.*, 183 F.3d 38 (1st Cir. 1999). The Court finds this doctrine to be squarely applicable here, as it finds Plaintiff has alleged a sufficient number of ongoing violations to survive a motion to dismiss.

On more than one occasion, Plaintiff cites to ongoing alleged discriminatory conduct on behalf of Defendants, and has thus stated a cognizable claim upon which relief could be granted. Allegation number 15 states that "Since November, 1990, defendants started (sic) harassment and persecutory campaign against Plaintiff...". Allegation number 16 states: "Since 1994, co-Defendants prepared a new classification and retribution plan that selectively caused (sic) a demotion to Plaintiff...". Allegation number 17 states that "In March, 1994, the Mayor co-Defendant Fontánez Olivo told Plaintiff Valentín Rodríguez in (sic) his desk that he was concerned about his activities, so he had to assign some guards. From that time on, one or two Civil Defense employees followed him even to the restrooms". Allegation number 21 states that "Defendants have been causing problems (sic) to Plaintiff . . . for vacations, payments, salary, expenses and any other form to harm him". Allegation number 25 states that "Co–Defendant Noel Gutiérrez Cruz has stripped Plaintiff . . . of almost all of his functions, harassed and persecuted him in all possible ways, even preparing the lowest evaluations." Finally, the Complaint alleges, at number 26, that "The harassment has been continuous, gradual and increasing." The Court finds that all these allegations, taken as a whole, state sufficient instances where the discrimination alleged by Plaintiff can be found to have been ongoing. The fact that only several of Plaintiff's allegations list an actual date when they happened is of no consequence, given the number of instances where violations are alleged in the Complaint. Therefore, Defendants' motion regarding this issue is **DENIED**.

### B. *Qualified Immunity*

■ Defendants' second argument is that they "are entitled to immunity against a section 1983 claim, under the Eleventh Amendment of the Constitution of the United States in relation to the causes of action in their official capacity". As an preliminary matter, the Court is confused, since it is well settled that immunity under the Eleventh Amendment is based on sovereign immunity for *states*, and does not apply to *public officials*. *See* U.S. Const. Amend. XI. Instead, the Court assumes that Defendants allege they are protected by the qualified immunity defense available to public officials.

■ The doctrine of qualified immunity protects government officials who perform discretionary functions from suit and from

liability for monetary damages under 42 U.S.C. § 1983. *See Roldan–Plumey v. Cerezo–Suarez,* 115 F.3d 58, 65 (1st Cir. 1997). This defense is designed to create a rebuttable presumption of qualified immunity to cover all executive officers that perform discretionary functions. *Id.; Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

■ The general rule regarding qualified immunity is that government officials are immune from suit when their conduct does not violate clearly established statutory authority or constitutional rights, which a reasonable person should have known of at the time of the conduct at issue. *Mitchell v. Forsyth,* 472 U.S. 511, 524, 105 S.Ct. 2806, 2814, 86 L.Ed.2d 411 (1985); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Furthermore, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Acevedo–Garcia v. Vera–Monroig,* 204 F.3d 1, 10 (1st Cir. 2000).

■ In other words, the test has three prongs. First, this Court must determine, as a matter of law, whether a constitutional violation has occurred. *Canter v. County of Otsego,* 14 Fed. Appx. 518 (6th Cir. 2001). If it finds that it has, the Court must then determine if the constitutional right in question was clearly established at the time of the alleged violation. *Hilaire v. Laconia,* 71 F.3d 20 (1st Cir.1995). Third, if it finds that said right was clearly established, the question then remains whether a similarly situated official reasonably "should have understood that the challenged conduct violated" that right. *Id.* at 24.

■ However, the qualified immunity defense can only be raised by persons sued in their personal capacity, not in their official capacity. *Suárez–Cestero v. Pagán–Rosa,* No. 02–1562, 02–1563, slip op. at 2 (1st Cir. September 9, 2002); *Gonzalez v. Tirado–Delgado,* 990 F.2d 701, 705 (1st Cir.1993). It has been well established that an official capacity suit is not really against the governmental actor, but instead, is actually a suit against the governmental entity. *See Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Brandon v. Holt,* 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985); *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Therefore, when a plaintiff seeks relief from a defendant in his capacity as an officer of the state, qualified immunity is not a viable defense. *See Rodriguez–Pinto v. Tirado–Delgado,* 982 F.2d 34, 38–40 (1st Cir.1993). Consequently, this defense is not available to Defendants, in their official capacity; it is only available to them in their personal capacity.

■ Defendants argue that they are shielded from liability by the doctrine of qualified immunity because Plaintiff's sole remaining claim that is not time barred, which alleges that the Director of Finance ordered all employees to punch time clocks, fails to assert a constitutional violation. However, as the Court has already found, the causes of action set forth by Plaintiff in the Complaint survive a motion to dismiss in the sense that, in more than one instance, acts relating to continuous and ongoing violations are alleged. Therefore, the question no longer is whether the issue of the time clocks was a clearly established statutory or constitutional right, but becomes whether Plaintiff has sufficiently asserted a violation of one (or more) clearly established statutory or constitutional rights in his complaint *as a*

*whole* in order to survive a motion to dismiss. The Court finds that he has.

In the case at bar, Plaintiff has raised allegations regarding potentially discriminatory treatment. In other words, Plaintiff has alleged that Defendants acted with a politically discriminatory motive when they demoted him, lowered his salary, harassed and persecuted him. The Court finds Plaintiff has alleged sufficient facts to sustain a claim for political discrimination under the First Amendment. *See Agosto-de-Feliciano v. Aponte-Roque*, 889 F.2d 1209 (1st Cir.1989); *Branti v. Finkel*, 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Elrod v. Burns*, 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d at 98 (1st Cir.1997).

Regarding the remaining two prongs of the analysis of the qualified immunity defense, the Court does not reach them since the parties have failed to fully address and brief this issue. Therefore, the Court **DENIES** Defendants' claims for qualified immunity at this point in the litigation.

## IV. CONCLUSION

For the aforementioned reasons, both Defendants' Motions to Dismiss alleging Plaintiff's causes of action were time barred, and alleging they were protected on the basis of qualified immunity, are hereby **DENIED**.

**IT IS SO ORDERED AND ADJUDGED.**