Mayra ROSARIO RIVERA, Plaintiff,

v.

AQUEDUCT AND SEWER AUTHOR-
ITY OF PUERTO RICO, et al.,
Defendants.

Civ. No. 06–1816 JP.

United States District Court,
D. Puerto Rico.

Jan. 31, 2007.

Vladimir Mihailovich–Nikolich, Esq., San Juan, PR, for Plaintiff.

Yolanda V. Toyos–Olascoaga, Esq., Ramos Gonzalez & Toyos Olascoaga, Idza Diaz–Rivera, Esq., P.R. Department of Justice, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, Jr., Senior District Judge.

The Court has before it Defendants Jorge Rodríguez–Ruiz, Elizabeth Romero–Pizarro, Teodoro Cruz–Roche, and Emma-lind García—García's motion to dismiss for failure to state a claim (**No. 28**), and Plaintiff Mayra Rosario–Rivera's response thereto (No. 31). Plaintiff Mayra Rosario–Rivera brought the instant Complaint alleging political discrimination and retaliation in the workplace due to her affiliation with the Puerto Rico New Progressive Party. Defendants argue that Plaintiff failed to state a claim under 42 U.S.C. Section 1983, that Plaintiff's Compliant is time-barred, and that Defendants are entitled to qualified immunity. For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.

### I. FACTUAL ALLEGATIONS

Mayra Rosario–Rivera ("Plaintiff" or "Rosario") is a career employee of Aqueduct and Sewer Authority ("ASA"), where she has worked for more than twenty-five years. Plaintiff is a Puerto Rico New Progressive Party ("NPP") activist and sympathizer, and alleges that she has identified herself as such to her employer. Plaintiff alleges that Defendants are affiliated with the Puerto Rico Popular Democratic Party ("PDP").

Prior to her alleged demotion, Plaintiff's position at the ASA was Budget Analysis Specialist III, and her supervisory responsibilities included supervising the work of other employees who analyze ASA's funds. Plaintiff alleges that sometime in September or October of 2004, while the PDP was in power, she was transferred to the ASA's Payroll Division by Defendants Elizabeth Romero–Pizarro and Emmalind García–García, both of whom identify with the PDP. In response, Plaintiff filed a complaint before the Antidiscrimination Unit of the Puerto Rico Department of Labor. In her new position, Plaintiff alleges she was not tasked with duties and responsibilities until the second half of November

2005, over a year later. Plaintiff received her new list of duties and responsibilities from her new supervisor Defendant Teodoro Cruz–Roche, and Plaintiff alleges her new duties no longer included any supervisory roles.

Plaintiff alleges that this change in duties was not conducted in accordance with ASA's rules establishing proceedings for demotions and changes of duties, and as a result she refused to sign and accept the revised list of duties. Plaintiff alleges that her former position was filled with a PDP-affiliated employee. In February of 2006, Plaintiff was charged with insubordination and was delivered a "Notice of Intent" from Defendant Jorge Rodríguez–Ruiz to terminate her employment of twenty-seven years. Plaintiff alleges that there is currently an ongoing effort to terminate her employment.

Plaintiff further alleges that in 2005, a position opened for Financial Analysis Supervisor. Plaintiff competed for this position, and alleges that she was fully qualified to fulfill it given her educational background, supervisory and work experience, as well as her twenty-seven years at ASA. Plaintiff alleges that the aforementioned position was given to another employee affiliated with the PDP, despite the other employee's inferior experience and education.

Plaintiff alleges that she has been seeing a psychiatrist because of her problems at work, which have been causing her stress, lack of sleep, uncontrollable loss or gain of weight, lack of tolerance, memory loss, and fear of income loss.

## II. LEGAL STANDARD FOR A MOTION TO DISMISS

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved con-

sistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *Gonzalez–Perez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## III. ANALYSIS

In their motion to dismiss, Defendants argue that Plaintiff failed to state a claim under Section 1983, that Plaintiff's Complaint is time-barred, and that Defendants are entitled to qualified immunity. The Court considers these arguments in turn.

### A. Claims Pursuant to 42 U.S.C. Section 1983

Plaintiff Rosario brings a political discrimination claim under Section 1983. Section 1983 creates a cause of action against those who, acting pursuant to state government authority, violate federal law. 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendants violated her rights to freedom of speech and association under the First and Fourteenth Amendments. There is no heightened pleading standard in civil rights cases. *Educadores Puertorriqueños en Acción v. Hernández,* 367 F.3d 61, 66–67 (1st Cir.2004). Consequently, the Court must determine whether the instant Complaint satisfies the basic

notice pleading requirements. *See Centro Medico del Turabo, Inc. v. Feliciano de Melecio,* 406 F.3d 1, 5 (1st Cir.2005). To meet those requirements, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. Rule 8(a)(2), and must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). For this purpose, the Court may draw upon documents annexed to the complaint or incorporated into it, as well as matters subject to judicial notice. *Centro Medico,* 406 F.3d at 5. The court must not credit "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996).

To state a claim under Section 1983, Plaintiff Rivera must satisfy two prongs. First, she must identify "an act or omission undertaken under color of state law." *Aponte–Torres v. Univ. of P.R.,* 445 F.3d 50, 55 (1st Cir.2006). This first requirement is easily satisfied here. Puerto Rico is considered a state for Section 1983 purposes. *Redondo–Borges v. United States Dep't of Hous. & Urban Dev.,* 421 F.3d 1, 7 (1st Cir.2005), and the Complaint alleges actions attributed to officers of the ASA.

Second, Plaintiff Rivera must allege she was deprived of a federally secured right. *Aponte–Torres,* 445 F.3d at 55. Plaintiff Rivera also satisfies this requirement. She alleges that Defendants violated her rights to freedom of speech and association under the First and Fourteenth Amendments.

**1. *First Amendment Political Discrimination***

■ The First Amendment protects public employees who do not hold confidential policy-making positions from adverse employment actions based on political affiliation. *See Branti v. Finkel,* 445 U.S. 507, 517–519, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980); *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 75, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (extending the prohibition on patronage dismissals to include promotion, transfer, recall, or hiring decisions). To state a claim of political discrimination upon which relief may be granted, a public employee must allege that he engaged in constitutionally-protected conduct and that this conduct was a substantial or motivating factor in the adverse employment decision. *See Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Acevedo–Garcia v. Vera–Monroig,* 204 F.3d 1 (1st Cir.2000); *Padilla–Garcia v. Rodriguez,* 212 F.3d 69, 73 (1st Cir.2000) (emphasizing that the protected conduct need only be a factor in the employment decision, not the motivating factor). This showing requires more than merely "juxtaposing a protected characteristic—someone else's politics—with the fact that Plaintiff was treated unfairly." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 58 (1st Cir.1990); *see also Rodriguez–Rios v. Cordero,* 138 F.3d 22, 24 (1st Cir. 1998) (evidence demonstrating that defendants were politically active and were aware of plaintiff's opposing views). Nevertheless, a plaintiff need not produce direct evidence of discriminatory treatment to establish a prima facie case of political discrimination; circumstantial evidence alone can support a finding of political discrimination. *Acosta–Orozco v. Rodriguez–de–Rivera,* 132 F.3d 97, 102 (1st Cir. 1997). Under the standard for a motion to dismiss, the plaintiff must allege facts that, if proven, would demonstrate that the employer's decision was brought about by political discrimination.

■ Plaintiff Rivera has stated a claim of political discrimination. Rivera alleges that she engaged in constitutionally pro-

tected conduct and that this conduct was a substantial or motivating factor in Defendants' adverse employment decision. Plaintiff Rosario alleges that she was demoted due to her affiliation with the NPP, and that her demotion did not follow the standard procedure for demotions and changes in duties for ASA. She was not assigned new tasks until a year later. She alleges that after she was assigned to a new position, her prior position was filled with an employee affiliated with the PDP. Plaintiff Rosario also alleges that she was bypassed for a position for which she was qualified due to her affiliation with the NPP. She alleges that a less qualified individual affiliated with the PDP was hired for the position instead. In light of these allegations, Rivera has sufficiently pled a case for political discrimination under Section 1983.

### 2. *Procedural Due Process*

■■ Plaintiff Rivera also alleges that Defendants violated her procedural due process rights. A plaintiff alleging a procedural due process right must establish a protected liberty or property interest, and allege that while acting under color of state law the defendants deprived him of that interest without adequate process. *Aponte–Torres,* 445 F.3d at 56. Plaintiff Rivera alleged in her Complaint that she worked for ASA as a career employee, a position that does not require political affiliation. Further, she alleges her duties were unilaterally taken from her without warning and in violation of Defendant ASA's own established procedures for revamping duties and/or making demotions. Accordingly, Plaintiff Rivera has stated claims under Section 1983 for procedural due process violations.

However, the Court grants Defendants' motion to dismiss as to Plaintiff Rosario's Fifth Amendment claim because, as she concedes, the Fifth Amendment applies only to actions by the federal government.

### B. Statute of Limitations

■ Defendants argue that Plaintiff's Complaint must be dismissed because it is time-barred by the one-year statute of limitations. Section 1983 actions borrow the forum state's statute of limitations. *See Lopez–Gonzalez v. Municipality of Comerio,* 404 F.3d 548, 551 (1st Cir.2005); *Wilson v. Garcia,* 471 U.S. 261, 276–78, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Carreras–Rosa v. Alves–Cruz,* 127 F.3d 172, 174 (1st Cir.1997). In this jurisdiction, the appropriate statute of limitations for a Section 1983 claim is Puerto Rico's one-year period governing tort actions. *Torres v. Superintendent of the Police of Puerto Rico,* 893 F.2d 404 (1st Cir.1990); *see* P.R. Laws Ann. tit. 31, § 5297(2) (1990).

■ Defendants argue that because Plaintiff alleges that she was demoted in September or October of 2004, she is time-barred from recovering because the instant Complaint was not filed until August 22, 2006. When considering whether Plaintiff's claims are barred by the statute of limitations, the Court must determine whether the continuing violation theory is applicable. Although the continuing violation theory had its genesis in decisions interpreting Title VII of the Civil Rights Act of 1964, it has been applied in other contexts. *See Velazquez v. Chardon,* 736 F.2d 831, 833 (1st Cir.1984); *Figueroa–Garay v. Municipality of Rio Grande,* 364 F.Supp.2d 117, 124 (D.P.R.2005). Under the continuing violation doctrine, "an employee [may] seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is 'some violation within the statute of limitations period that anchors the earlier claims.'" *O'Rourke v. City of Providence,* 235 F.3d 713, 730 (1st Cir. 2001) (quoting *Provencher v. CVS Pharmacy,* 145 F.3d 5, 14 (1st Cir.1998)); *see*

also, *Davis v. Lucent Technologies, Inc.,* 251 F.3d 227 (1st Cir.2001); *Rodriguez v. Municipality of Barceloneta,* 236 F.Supp.2d 189 (D.P.R.2002).

 Continuing violations can be serial or systemic. *Crowley v. L.L. Bean, Inc.,* 303 F.3d 387, 405 (1st Cir.2002). Serial violations refer to a number of discriminatory acts arising from the same discriminatory animus. *Rivera–Rodrguez v. Frito Lay Snacks Caribbean, a Div. of Pepsico P.R.,* 265 F.3d 15, 21 (1st Cir. 2001). A claim alleging a serial violation is considered timely if one of the discriminatory acts occurred during the limitations period. *Id.* Systemic violations refer to situations "where an employer maintains a discriminatory policy, responsible for multiple discriminatory acts that fall outside the limitations period." *Crowley,* 303 F.3d at 405. A claim alleging a systemic violation was timely filed if the alleged policy or practice continued into the limitations period. *Rivera–Rodriguez,* 265 F.3d at 21. In the case at bar, Plaintiff Rivera has not alleged a systemic violation. Thus, the Court will analyze whether the serial violation branch of the continued violation doctrine is applicable.

Plaintiff Rosario has alleged a series of discriminatory acts beginning in September or October of 2004, and continuing through the filing of the instant action. In September or October of 2004, Plaintiff Rosario alleges she was transferred and left without responsibilities and duties because of her political affiliation. In December 2004, Plaintiff filed a complaint before the Anti–Discrimination Unit of the Puerto Rico Department of Labor. She remained without duties and responsibilities until November 2005. On November 17, 2005, she received a revised list of duties and responsibilities, excluding any supervisory roles, from Defendant Cruz. Plaintiff Rosario alleges that Defendants did not follow their established procedures for demotions and changes in duties prior to giving her new duties. Plaintiff Rosario refused to sign and accept the revised list of duties given that they circumvented Defendants' established procedures. In February 2006, Rosario was charged with insubordination, and was delivered to her a "Notice of Intent" to terminate her employment. These actions were allegedly instigated by Plaintiff's unwillingness to sign and accept her revised list of duties, which she believed was based in discriminatory animus, and did not follow ASA's established procedures for employee demotions and alterations in duties. Plaintiff alleges that there is currently an ongoing effort to terminate her employment.

In addition to these allegations relating to her stricken duties, Plaintiff Rosario also alleges that in 2006 [1] she was passed over for a position for which she was qualified, and the position was given to a less-qualified employee affiliated with the PDP.

The Court holds that Plaintiff Rivera has alleged a serial violation. Because some of the alleged discriminatory acts occurred within the statute of limitations, her suit is timely.[2]

## C. Qualified Immunity

 Defendants argue that they are entitled to qualified immunity. The doctrine of qualified immunity protects government officials who perform discretionary functions from suit and from liability for monetary damages under Section 1983. *See Roldan–Plumey v. Cerezo–Sua-*

---

1. Plaintiff initially misstated the date for this incident, alleging that it occurred in 2005.

2. The Court declines to extend the U.S. Supreme Court case of *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), which involves a lawsuit brought pursuant to Title VII of the Civil Rights Act, to the case at bar, which was brought pursuant to Section 1983.

*rez*, 115 F.3d 58, 65 (1st Cir.1997). When assessing a claim of qualified immunity, the Court employs a three part test. *See Savard v. Rhode Island*, 338 F.3d 23, 27 (1st Cir.2003). The threshold inquiry is whether the plaintiff has established a constitutional violation. *See Savard*, 338 F.3d at 27; *see St. Hilaire v. Laconia*, 71 F.3d 20 (1st Cir.1995), *cert. denied*, 518 U.S. 1017, 116 S.Ct. 2548, 135 L.Ed.2d 1068 (1996). The second inquiry is whether the law was clearly established at the time of the violation. *See Savard*, 338 F.3d at 27. The final question is whether a reasonable official, situated similarly to the defendant, would have understood that the conduct at issue violated the clearly established law. *See Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

 Treating Plaintiff's allegations as true, the Court denies Defendants' motion to dismiss on the basis of qualified immunity under the steps set forth above. First, if true, Plaintiff's allegations of political discrimination outlined above, including her demotion and eventual call for dismissal, establish a constitutional violation. Plaintiff's right to be free from discrimination on the basis of political opinions or beliefs is protected under the First Amendment. *See Galloza v. Foy*, 389 F.3d 26, 28 (1st Cir.2004); *LaRou v. Ridlon*, 98 F.3d 659, 661 (1st Cir.1996). As a career employee, Plaintiff's property interests in continued public employment are protected under the Fourteenth Amendment. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Ruiz–Casillas v. Camacho–Morales*, 415 F.3d 127, 134 (1st Cir.2005). Second, these rights were clearly established at the time of the alleged putative violation. *See Crawford–El v. Britton*, 523 U.S. 574, 592–593, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998); *Padilla–Garcia*, 212 F.3d at 74 (stating, "[i]t is now well established that political patronage restrains freedom of belief and association,

core activities protected by the First Amendment."); *Roldan–Plumey v. Cerezo–Suarez*, 115 F.3d 58, 65–66 (1st Cir. 1997). Third, the Court holds that a reasonable officer would have understood the actions taken against Plaintiff to be contrary to her protected First Amendment rights. Accordingly, Defendants are not entitled to qualified immunity on their motion to dismiss.

## V. CONCLUSION

The Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss. The Court will enter judgment dismissing with prejudice Plaintiff's Fifth Amendment claim. All other claims remain before the Court.

**IT IS SO ORDERED AND ADJUDGED.**